

United States Courts
Southern District of Texas
FILED

SEP 06 2019

David J. Bradley, Clerk of Court

Case no. 19-3387

## In The United States District Court Southern District Of Texas

Benjamin Oshea Calhoun,

**Plaintiff**

v.

officer- TSAI,B, officer -NGUYEN,AC

Officer T. Rowe, H.P.D. City of Houston Police Department

**defendants**

## Summary Of The Case

1. This is an action brought against the City of Houston and four City Of Houston Police Officers, By a private citizen Benjamin Oshea Calhoun whose rights privileges and immunities that are guaranteed to all citizens were denied under color of law by the defendants.

## Jurisdiction And Venue

2. Jurisdiction of this Court is invoked under 28 U.S.C1343(3) an action authorized by law (42 U.S.C. 1983) to redress the deprivation under color of law rights guaranteed to the plaintiff under federal constitution. The Matter in Controversy exceeds, exclusive of interest and costs, the sum or value of seventy- five thousand dollars($75,000.00) as required by 28 U.S.C. 1332.

3. Plaintiff , Benjamin Oshea Calhoun is a private citizen who the city of Houston, within the state of Texas and a citizen of The United States of America.

4. Art Acevedo is the police chief for the Defendant City Of Houston police Department.

5. Defendant City of Houston is a municipal Corporation organized and existing under and by the virtue of the laws of the state of Texas and was the employer of the above named defendants.

6. Plaintiff sues each and all defendants (except the city) in both their individual and official capacity.

7. Defendants, officer- TSAI,B, officer -NGUYEN,AC and Officer T. Rowe, were, at all times material to this complaint, duly appointed police officers of the city of Houston police department.

8. At all times material to this complaint, defendants, TSAI,B, officer - NGUYEN,AC , and officer T. Rowe acted under color of the statutes, customs, ordinances, and usage of the state of Texas, The city of Houston and The City of Houston Police department.

9. Plaintiff demands a trial by jury.

**Plaintiff alleges as followed:**

10. Paragraph 1 through 9 are adopted and incorporated as stated herin.

11. On 8-23-2019 in Houston, Tx., on Oliver St., Calhoun was approached by 6 to 8 H.P.D. officers .

12. One of the officers ,Oficer TSAI,B placed hand cuffs on Calhoun willfully placing him under arrest.

13. Calhoun was told that he was being detained.

14. Calhoun was told that the reason that he was being detained is because some one had called the police claiming that Calhoun through a rock at them.

15. A Asian officer thin build who looked to be in his early 20"s named TSAI,B told Calhoun that he was being detained while they investigated the issue.

16. Calhoun was then driven down to Washington Ave. were the complainant was waiting through court records Calhoun learned was named John Arthur Jones.

17. The complainant was a black male who court records from Calhoun's arrest named as a 54 year old black male named John Arthur Jones.

18. After speaking with the male officer TSAI,B, and his partner NGUYEN, AC informed Calhoun that Jones was pressing charges on Calhoun for allegedly throwing a rock at him once Calhoun saw him coming in his direction.

19. officer TSAI,B claimed that Jones stated that Calhoun through the rock because he knew that Jones was gay.

20. Defendants TSAI,B, and his partner had no legal authority, nor probable cause to arrest Calhoun.

21. After speaking with some one on the phone from the District Attorney's office ,Officer TSAI,B stated that Calhoun was being arrested for a hate crime and for terrorist threats toward complainant.

22. By the next day on August 24, 2019 at the 11:00 a.m. probable cause hearing when officers TSAI,B 's police report and the charges against Calhoun were read to Calhoun the allegations within the officers police report had changed.

23. At the Probable cause hearing Calhoun was informed that he had been charged with 1st degree felony charges of aggravated assault with a deadly weapon.

24. The information in support of the charges and the officers police report now stated the lie ,that Jones had been hit with the rock and injured.

25. Officer TSAI,B's police report also stated that the officer picked up the rock and examined it and based on the officers experience he felt that the rock could kill someone.

26. Officer TSAI,B knowingly and intentionally falsified a government document when he stated that the defendant alleged Calhoun hit him, when he stated that the defendant was injured, by the rock and when he stated that he picked up a rock and observed it to be capable of causing death.

27. On 8-24-2019 the date of the probable cause hearing, during the 11:00 a.m. probable cause hearing the probable cause hearing officer stated that she could not find probable cause for aggravated assault with a deadly weapon based on the allegation of some one being hit with a rock.

28. The prosecutor for the state and the probable cause hearing officer reset the hearing for the 1:00p.m. docket latter on that day so that the complaint against Calhoun could be rewritten.

**29.** The case was then reset to the 4:00p.m. docket latter on that day when the complaint had not been rewritten yet.

**30.** At the 4:00p.m. docket the police report and information in support of the charges against Calhoun had changed.

**31.** Calhoun was informed that the charges was being reduced to misdemeanor assault with bodily injury.

**32.** The new report from officer TSAI.B changed alleged facts of the case.

**33.** The new complaint now lies and states that Jones was struck in the stomach where as the old complaint which the court could not find probable cause for Calhoun's arrest did not state where Jones was injured.

**34.** The new complaint now changes and states that the rock was the size of a base ball were as the old complaint did not state a size of the rock.

**35.** The content of the new complaint does not state that the defendant was injured which is an element that would have to be alleged and proven for a assault with <u>bodily injury</u> charge.

**36.** The second incident giving rise to this suit occurred On 9-11-2018 at or around 3:25 p.m.

37. Mr. Calhoun walked to the back of Subway located at 1901 Shern St.

38. Mr. Calhoun then plugged up his hair clippers and began to shave using the plug outlet behind the store.

39. Around three minutes after Calhoun arrived at the location H.P.D Officer T. Rowe drove up in a H.P.D. patrol car got out and approached Calhoun.

40. Officer Rowe claimed to have been called and dispatched to the location but claimed that he did not know who the person who called him was.

41. Officer Rowe while walking close to Calhoun asked Calhoun to put the hair clippers down.
42. Calhoun in fear for his safety got on to the ground and spread his hands above his head.
43. Officer Rowe then pulled out his handcuffs and placed Calhoun under arrest for criminal trespassing.
44. Officer T.Rowe had no legal authority nor probable cause to arrest Calhoun for criminal trespassing.
45. After placing Calhoun under arrest Officer Rowe then placed Calhoun in the back of his patrol truck.
46. Calhoun informed Rowe more than once that the hand cuffs were on to tight causing pain and difficulty in blood circulation through his risk.
47. More than once Calhoun asked Officer Rowe to loosen the hand cuffs up but he would not.
48. More than once Calhoun asked T. Rowe was the body camera on.

49. More than once he responded by lying and stating yes.

50. H.P.D issues a body camera to its officers. H.P.D policy requires that the officers turn on the body camera when questioning witnesses, and collecting testimony evidence from the witnesses and suspects.

51. The body cameras which the city paid for and issued to its officers does not automatically record.
52. The device requires the officers to have to manually turn it on and to manually turn it off when necessary.
53. The body camera has a red light and a green light on the front of the device.
54. When the camera is recording the green light lights up.
55. Officer Rowe violated H.P.D.'S policy by leaving the Camera off.

56. Officer Rowe informed Calhoun that he was going to attempt to contact the person who called him.
57. For the next twenty minutes officer Rowe made contact by phone with the Target store located at 2850 Shern, next door to the subway were Calhoun was arrested.
58. Officer Rowe then walked next door to Target store located at 2580 Shern and asked to speak to Target Store Employees while the body camera was off.
59. Officer T. Rowe then came to the SUV and stated to Calhoun that the Target store employees had him on camera in the compactor stealing.
60. The statement was false because Calhoun was not within the compactor.
61. Officer Rowe asked Calhoun if I go and look at the camera will I see you within the compactor.
62. Officer Rowe stated that he was going to look at security cameras within the store.
63. Calhoun then again stated to officer Rowe "make sure that you aim your body camera toward the screen to so it can see that who ever stated that I was in the compactor today is lying.

7

64. Officer Rowe drove around to the front of the store and went in to Target store.

65. When he Came out he toke Calhoun in to custody and charged him with criminal trespassing at Target Store located at 2850 Shern.

66. While in the back of the police suv Calhoun observed on the suv computer screen a statement that Calhoun was stilling from out of the Target stores compactor.

67. When Calhoun asked officer Rowe about the statement officer Rowe stated that that is what the people at target claimed when they called 911 but that he knew that it was not true.

68. Officer Rowe then made a call and made a false statement by placing a hold on Calhoun for burglary and theft.

69. Officer T. Rowe's body camera would remain off until officer Rowe pulled in to the city jail to have Calhoun booked.

70. He then reached down to the camera and turned it on. The green light lite up to indicate that it was recording.

71. Prior to this incident of police misconduct Calhoun had made over 13 complaints of police misconduct to the H.P.D. central internal affairs intake officers, LISA Clemons, Hiram Vaughn, and Sgt. David Milligan.

72. The complaints date back to 2005.

73. On Each complaint the internal affairs found that based on the actions reported the officers did nothing wrong.

74. After the 9-11-2019 arrest by T. Rowe Calhoun contacted internal affairs and left a complaint with officer Hiram Vaughn.

75. Officer Vaughn Knowingly and intentionally lied By stating that officer T. Rowe's Had his body camera on when he approached and arrested Calhoun on 9-11-2018.

76. Officer Vaughn lied and stated to Calhoun that he had seen the footage from the body camera showing officer T. Rowe approaching then arresting Calhoun.

77. Officer Vaughn lied and stated to Calhoun that it was ok for officer T. Rowe to arrest Calhoun for trespassing at 2580 shern if Calhoun was at 1901 Shern because both addresses were in the same shopping center.

78. In December of 2018 Officer T.Rowe without being called approached Calhoun this time behind Target Store located at 2580 shern.

79. T. Rowe was with a partner S. Manriquez.

80. Both the red and green light was lite up on Both officers body cameras.

81. Green light meaning that the body camera was on and the red light indicating that the body camera was paused.

82. The body cameras were not recording the entire time that the investigation took place.

83. Calhoun was taken to Houston Police Departments Mykal Rd. Jail.

84. Once the officers arrived at the jail S. Manriquez spoke in to the body camera saying quote "we have now arrived at South East jail I am now turning my body camera off".

85. Then instead of turning the body camera off both him and T.Rowe then unpaused their body cameras. Now only the green light was lite up on both of their body cameras.

86. Both the September 11, 2018 arrest and the December 2018 arrest was dismissed.

87. Calhoun returned to Houston police department and filed a complaint against Hiram Vaughn for covering up for T.Rowe.

88. Sgt. Milligan took the complaint.

89. Sgt. Milligan lied by stating that he to had reviewed the body camera of the arrest made on Calhoun on September 11, 2018 and that the officer

had his body camera on recording when he approached Calhoun recording over 2 hours of footage.

90. Sgt Milligan also lied and stated that S. Manriquez and T. Rowe both had their body camera on, on the December of 2018 arrest.

91. Sgt Milligan and Sgt. Vaughn's actions of lying to cover up for officer T. Rowe served to confirmed the existence of an unstated custom or "policy" of toleration of illegal arrest of plaintiff.

92. Sgt. Milligan and Sgt. Vaughn's actions of lying to cover up for officer T. Rowe served to confirmed the existence of an unstated custom or "policy" of toleration of police misconduct toward plaintiff.

93. The arrest made on September 11, 2018, plus the past false arrest for class b citations make over five separate times by different groups of officers that the H.P.D supervisors has allowed the abuse of authority aimed at plaintiff.

94. Each time that plaintiff was false arrested and imprisoned in the past and present for class b misdemeanors one of the officers arresting plaintiff were required to file out a police report.

95. The police report was turned in to an H.P.D supervisor for review.

96. Not one supervisor took affective steps to see to it that it did not happen again.

97. Each time that plaintiff made a report to central internal affairs the police chief had notice of the unlawful arrest and police misconduct of H.P.D. personnel aimed at plaintiff.

98. On information and belief H.P.D police chief took no steps to retrain officers on the proper way to make a warrantless arrest, took no steps to correct their abuse of authority, or to discourage their unlawful use of authority.

**99.**On information and belief The defendant police chief have at no time taken any affective action to prevent H.P.D personnel from continuing to engage in such misconduct.

**100.** The city of Houston Police chief, The city of Houston internal affairs officers under the color of law, with a complete and deliberate indifference to plaintiff's rights, caused plaintiff to be deprived of his constitutional rights by:

**a.**Failing to properly discipline;

**b.**Failing to restrict employees;

**c.**Failing to control employees; and

**d.**Failing to forward to the office of the district attorneys office evidence of criminal acts committed by police personnel.

**101.**Defendant police chief, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendant police officers herfore described above.

**102.**As a direct and proximate cause of the acts of defendants city of Houston police department, as set above, plaintiff suffered damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

**Count 1 Failure to provide equal protection of the law, false arrest, and false imprisonment**

**103.**Paragraph 1 through 102 are adopted and incorporated as stated herin.

**104.**Defendant's wrongful , concerted conduct caused plaintiff to be deprived of his U.S constitutional rights, to equal protection of the law.

**105.**Defendant's Houston Police Department wrongful , concerted conduct was a substantive factor in the deprivation of plaintiffs U.S constitutional rights, which are including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:

(a)Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b)Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth, Eight and Fourteenth Amendment to the U.S. Constitution;

(c)depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the 14th amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to Procedural Due Process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983.

**106**. Wherefore, plaintiff prays that the court issue citation for defendants city of Houston police,  to appear and answer, and that plaintiff be awarded a judgment against defendants police chief ,the city of Houston jointly and severely ,for the following:

(a)Award plaintiff pecuniary damages in the amount to be set at trial but not less than 250,00 dollars for  Depriving plaintiff of his rights to Equal Protection of Law under the Fourteenth Amendment to The U.S. Constitution;

(b)Pecuniary damages for Pain and suffering in an amount to be set at trial ;

(c)Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial;

(d)Award to plaintiff Punitive damages from police chief , in the amount to be set at trial but not less than 2,000,000 dollars;

(e)General damages in an amount to be set at trial;

(f)Prejudgment and post judgment interest;

(g)Court costs; and

(h)All other relief to which plaintiff is entitled to.

**Count 2 False arrest and false imprisonment**

107. Paragraph 1 through 102 are adopted and incorporated as stated herin.

108. On August 23, 2019 officer TSAI,B and NGUYEN, AC willfully detained plaintiff Calhoun.

109. Plaintiff did not consent to the arrest.

110. Defendants had no legal authority or jurisdiction to arrest plaintiff.

111. Officer TSAI,B and NGUYEN, AC acted under color of the statutes, customs, ordinances, and usage of the state of Texas, The city of Houston and The City of Houston Police department as stated above.

112. In subjecting Calhoun to the false arrest defendants TSAI,B and NGUYEN, AC violated the written rules and regulations of the city of Houston Police Department.

113. As a result of their concerted unlawful and malicious conduct, plaintiff suffered damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

114. Defendants TSAI,B and NGUYEN,AC wrongful , concerted conduct caused Calhoun to be deprivation of his U.S constitutional rights, which are including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:

(a)Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b)Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth, Eight and Fourteenth Amendment to the U.S. Constitution;

(c) depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the 14th amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to Procedural Due Process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983.

**115.** Wherefore, plaintiff prays that the court issue citation for defendants , TSAI,B and NGUYEN,AC to appear and answer, and that plaintiff be awarded a judgment against defendants police chief ,the city of Houston jointly and severely ,for the following:

(a) Award plaintiff pecuniary damages in the amount to be set at trial but not less than 250,00 dollars for Depriving plaintiff of his rights to Equal Protection of Law under the Fourteenth Amendment to The U.S. Constitution;

(b) Pecuniary damages for Pain and suffering in an amount to be set at trial ;

(c) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial;

(d) Award to plaintiff Punitive damages from police chief , in the amount to be set at trial but not less than 2,000,000 dollars;

(e) General damages in an amount to be set at trial;

(f) Prejudgment and post judgment interest;

(g) Court costs; and

(h) All other relief to which plaintiff is entitled to.

**Count 3 False arrest and false imprisonment**

**116.** Paragraph 1 through 102 are adopted and incorporated as stated herin.

**117.** On September 11, 2018 officer T.Rowe willfully detained plaintiff Calhoun.

**118.** Plaintiff did not consent to the arrest.

**119.** Defendants had no legal authority or jurisdiction to arrest plaintiff.

**120.** Officer T. Rowe acted under color of the statutes, customs, ordinances, and usage of the state of Texas, The city of Houston and The City of Houston Police department as stated above.

**121.** In subjecting Calhoun to the false arrest defendants T. Rowe violated the written rules and regulations of the city of Houston Police Department.

**122.** As a result of their concerted unlawful and malicious conduct, plaintiff suffered damages which are including but not limited to: Time spent in jail, mental anguish ,general damages, humiliation, loss of freedom .

**123.** Defendants T. Rowe's wrongful, conduct caused Calhoun to be deprivation of his U.S constitutional rights, which are including but not limited to those under the Fourth, Fifth, Sixth , Eight and Fourteenth Amendment and by:

(a) Violating plaintiffs writes to be free from unreasonable seizure under the Fourth Amend of the U.S. Constitution;

(b) Subjecting plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth, Eight and Fourteenth Amendment to the U.S. Constitution;

(c) depriving plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints of his person without Due Process in violation of his rights under the 14th amendment to the U.S. Constitution ;

(d) depriving plaintiff of his rights to Procedural Due Process under the Fifth Amendment to the U.S. Constitution; and

(e) 42 U.S.C. 1983.

**124.** Wherefore, plaintiff prays that the court issue citation for defendant, officer T. Rowe to appear and answer, and that plaintiff be awarded a judgment against defendants police chief, the city of Houston jointly and severely, for the following:

(a) Award plaintiff pecuniary damages in the amount to be set at trial but not less than 250,00 dollars for Depriving plaintiff of his rights to Equal Protection of Law under the Fourteenth Amendment to The U.S. Constitution;

(b) Pecuniary damages for Pain and suffering in an amount to be set at trial;

(c) Award to plaintiff damages for the deprivation of the rights, privileges, and immunities secured to the plaintiff by the constitution in an amount to be set at trial;

(d) Award to plaintiff Punitive damages from police chief, in the amount to be set at trial but not less than 2,000,000 dollars;

(e) General damages in an amount to be set at trial;

(f) Prejudgment and post judgment interest;

(g) Court costs; and

(h) All other relief to which plaintiff is entitled to.

Pro-se signature _[signature]_                                   date _September 6, 2019_

Contact no. 832-996-6389 or 713-694-6899

Contact address: 8510 N. Main St. Houston Tx., 77022